## McGrew v. Proia

Before Gibson, P. J., Carson and Cummins, JJ.

*D. M. Cummins*, for plaintiff.

*David H. Weiner*, for defendant.

CUMMINS, J., April 28, 1947.—This case comes before the court upon a statutory demurrer filed by defendant under section 20 of the Practice Act of 1915. The basis of the demurrer is that plaintiff's complaint fails to set forth any legal liability on the part of defendant or any legal right on the part of plaintiff to recover by virtue of section 4 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §42, as amended.

The pertinent part of the section of the act in question is as follows:

"A contract to sell or a sale of any goods . . . of the value of five hundred dollars or upwards shall not be enforceable by action unless . . . some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

We must look to the pleadings to ascertain whether or not there was such a contract or a sale as covered by the section of the Sales Act as quoted above.

Plaintiff sets forth the following: That defendant was the owner of a certain gasoline shovel, and that defendant called plaintiff by telephone and employed him as sole agent to procure a purchaser for the gaso-

line shovel and to sell the same for him for the price of $3,800, and plaintiff was to receive as compensation all money over and above the sum of $3,800.

Plaintiff, in pursuance of this telephone call, inserted a "for sale" advertisement in the Pittsburgh Press, and one John Malli, in answer to this advertisement, called plaintiff by telephone, and after seeing the shovel, agreed to purchase the same at a price of $4,500. It was arranged that the shovel be delivered to John Malli on Saturday, December 1, 1945. This was agreed to by defendant.

On or about December 1, 1945, defendant met John Malli in Pittsburgh, and there at that time, sold him the gasoline shovel for a price of $4,250. Plaintiff claims he had no knowledge of this transaction.

Plaintiff claims that he was the sole agent of defendant; that he brought the parties together and that it was through his efforts that the gasoline shovel was sold, and that he is entitled to the sum of $450 as compensation for his work, this $450 being the difference between the final selling price of $4,250, and the amount which defendant agreed to in the first place, which was $3,800.

From reading the above pertinent allegations of plaintiff's complaint, we construe this contract between plaintiff and defendant to create the relation of principal and agent, or employer and employe, and it does not constitute a contract to sell, or a sale of goods, under The Sales Act of 1915.

Such a situation as this is not covered by The Sales Act, and its contents have no application here.

We cannot agree with the position taken by defendant, and therefore we make the following

### Order

And now, April 28, 1947, the statutory demurrer filed by defendant is overruled, and defendant shall

file his answer within 20 days, and the prothonotary shall forthwith notify counsel of record of the filing of this order.